IN THE SUPREME COURT OF TEXAS






IN THE SUPREME COURT OF TEXAS
 
════════════
No. 05-0454
════════════
 
Citizens National Bank in 
Waxahachie,
Petitioner,
 
v.
 
Terry Scott,
Respondent
 
════════════════════════════════════════════════════
On Petition for Review from the
Court of Appeals for the Tenth District of 
Texas
════════════════════════════════════════════════════
 
 
PER CURIAM
 
 
This case 
involves a suit over the alleged nonpayment of a promissory note. On June 23, 
2000, Terry Scott, Richard Engel, and Richard Karamatic borrowed $25,250 from 
Citizens National Bank in Waxahachie (CNB) to be used to cover startup costs for 
a company called Inoquest Communications. Under the terms of the promissory note 
that Scott, Engel, and Karamatic signed, repayment on the debt was to be made no 
later than December 21, 2000. 
For several 
months, it appears that no payments were made on the loan. Then, on October 31, 
2000, Engel allegedly instructed Albert Garcia, a bank employee, to pay off the 
note with “funds from another account.” Garcia initiated an internal funds 
transfer in the amount of $26,267.10 from a $300,000 line of credit Inoquest had 
established with CNB to pay the balance of the note. Later that day, Engel 
called Garcia again and instructed him to reverse the transaction. Garcia 
complied with this instruction and returned the funds to the Inoquest account. 
                                

On January 3, 
2001, Engel (who was also serving as a general partner at Inoquest) sent Scott a 
letter informing him that the promissory note had been paid off. However, Scott 
soon received another letter—this time from CNB—stating that the promissory note 
had matured and that payment was due immediately. Scott responded to CNB’s 
letter by telling the bank that Engel informed Scott that the loan was paid off. 
Scott also requested all correspondence pertaining to the note. The bank did not 
respond to this request. 
Instead, in 
May 2001, CNB filed suit against Scott, Engel, and Karamatic to recover the loan 
amount, interest, and attorney’s fees. Scott filed a general denial and asserted 
the affirmative defense of payment. In addition, Scott filed a counterclaim 
seeking a declaratory judgment that the debt had been discharged and requesting 
attorney’s fees. 
After 
conducting a one‑day bench trial, the trial court entered judgment in favor of 
CNB against Scott, Engel, and Karamatic in the amount of $32,176.27 plus 
attorney’s fees. In its findings of fact, the trial court stated that there had 
been no payment on the note. Scott then filed his notice of appeal. Defendants 
Engel and Karamatic did not appeal the trial court’s judgment. 
In a very 
brief memorandum opinion, the Tenth Court of Appeals reversed the trial court’s 
judgment and rendered judgment in favor of Scott. ___ S.W.3d ___ (Tex. App.–Waco 
2005) (mem. op.). Although Scott had raised six discrete issues before the 
court, the court chose to treat all of the arguments under the general 
subheading of “legal sufficiency.” Id. After recounting the facts 
and citing the appropriate case law for a legal sufficiency analysis, the court 
of appeals offered its entire justification for reversing the trial court’s 
judgment in a single paragraph:
 
After a 
thorough review of the entire record, we find that the evidence conclusively 
establishes, as a matter of law, all vital facts to support a finding of 
payment. We must sustain Scott’s legal sufficiency issues because the evidence 
conclusively establishes the opposite of a vital fact found by the trial judge 
(i.e., non-payment). 
 
Id. 
(citations omitted). While we understand that memorandum opinions are 
intended to be brief in scope and “no longer than necessary to advise the 
parties of the court’s decision and the basic reasons for it,” Tex. R. App. P. 47.4, the lower court’s 
decision here exceeds what is permissible by failing to give any reason 
whatsoever for its conclusion that the evidence established a finding of 
payment. See Gonzalez v. McAllen Med. Ctr., ___ S.W.3d ___ (Tex. 2006) 
(holding that a memorandum opinion merely advising the parties of the court’s 
decision but failing to articulate any reason for that decision does not comply 
with Texas Rule of Appellate Procedure 47.4). When a court of appeals disturbs 
the judgment of a lower tribunal, merely saying that the court has reviewed all 
the evidence and reaching a conclusion contrary to that of the trier of fact is 
not enough. Instead, the court should explain, with specificity, why it has 
substituted its judgment for that of the trial court. The court of appeals 
failed to do so here. Accordingly, without hearing oral argument, see 
Tex. R. App. P. 59.1, we reverse 
the court of appeals’ judgment and remand the case to that court for more 
detailed consideration.
 
OPINION 
DELIVERED: June 9, 2006